[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13994
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00011-ECM-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TED DEWAYNE STEPHENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 8, 2019)

Before WILLIAM PRYOR, GRANT and HULL, Circuit Judges.

PER CURIAM:

Defendant Ted Dwayne Stephens appeals his 21-month sentence, imposed following revocation of his term of supervised release. On appeal, Stephens argues that his revocation sentence is procedurally and substantively unreasonable. After review, we affirm.

## I. BACKGROUND FACTS

In 2006, Stephens pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). In April 2007, Stephens was sentenced to an 86-month prison term, followed by three years of supervised release. On June 19, 2015, Stephens was released from prison and began serving his term of supervised release. One of the conditions of Stephens' supervised release was that he not commit another federal, state, or local crime.

On March 10, 2017, while still on supervised release, Stephens was arrested by police officers in Dothan, Alabama for theft of property, which had occurred at a Walmart on July 31, 2016. Because Stephens denied any involvement in the misdemeanor offense, his probation officer recommended that no punitive action be taken, and the district court agreed.

A week later, on March 18, 2017, Stephens was again arrested by a Dothan police officer, this time for public intoxication. As a result, Stephens' probation

officer instructed him to report for drug testing, which he did.  After testing positive for marijuana, Stephens admitted he had used that drug on March 10, 2017.  Stephens also advised his probation officer that he believed he had an alcohol problem and needed treatment.

On March 23, 2017, Stephens' probation officer filed a petition to modify the terms of supervised release.  The district court followed the probation officer's recommendation, and, with Stephens' agreement, ordered Stephens to serve six consecutive weekends in jail.  The probation officer advised the district court that he had increased Stephens' drug testing and referred Stephens for a substance abuse assessment.

Less than two months later, on May 5, 2017, the Dothan police arrested Stephens for first degree possession of marijuana, in violation of Alabama Criminal Code § 13A-12-213.  On May 8, 2017, Stephens' probation officer petitioned for the revocation of Stephens' supervised release, alleging that Stephens had violated the mandatory condition that he not commit another federal, state, or local crime.

Meanwhile, according to Stephens, his arrest for marijuana possession resulted in "a new criminal charge" in Alabama state court and also the revocation

of his state parole for a prior Alabama conviction.[1]  By the time of his September 6, 2018 federal revocation hearing, Stephens already had served 15 months in state custody on the state parole revocation.

At his federal revocation hearing, Stephens pled "no contest" to the charged violation because, as his counsel explained, he was still "under a pending indictment in state court."  The district court confirmed that Stephens' violation was a grade B violation and the maximum sentence under 18 U.S.C. § 3583(e)(3) was 24 months.  Thus, with a criminal history category of VI, Stephens' advisory guidelines range was 21 to 24 months under U.S.S.G. § 7B1.1.

The prosecutor stated the factual basis for the alleged violation, describing how a Dothan canine officer responded to a suspicious vehicle call and found Stephens sitting in his car in a business parking lot in the early morning hours.  The officer's narcotics dog conducted a sniff search around the outside of Stephens' car and alerted.  The officer searched the car and found marijuana in the trunk.[2]

---

[1]Although Stephens does not identify which Alabama conviction, it appears he was on parole for his 2005 conviction for unlawful possession of cocaine, for which he had received a 15-year sentence.

[2]Stephens maintains that the amount was 1.5 ounces of marijuana, but there is no evidence in the record of the amount of marijuana found in Stephens' car.  Alabama first degree possession of marijuana includes both possession for "other than personal use" and possession "for . . . personal use" by a person who already has a prior conviction for possession of marijuana for personal use.  See Ala. Crim Code § 13A-12-213(a)(1)-(2).  The prosecutor's factual basis stated only that "an amount of marijuana and some other drug paraphernalia associated with that" was found in Stephens' trunk.

Stephens then admitted to the officer that the marijuana was his. After hearing the factual basis, Stephens said he still wished to plead no contest to the alleged violation.

Stephens argued that a sentence within the advisory guidelines range of 21 to 24 months was too long because: (1) he had already served 15 months in state custody for his state parole revocation; (2) if he had been federally prosecuted for the marijuana possession, his guidelines range would have been only 12 to 18 months; (3) his violation was the result of a relapse from his addiction, for which he could obtain substance abuse treatment while on supervised release; (4) he had completed 21 months of his supervised release incident free, with a stable residence and occasional employment; and (5) his violation was triggered by his guilt over his inability to help his son, who was serving a thirty-year prison sentence and had been subjected to disciplinary proceedings and bounced between facilities.

Stephens' father testified that Stephens (who had been released with an ankle monitor pending his revocation hearing) had already found a full-time job he liked, was living with his mother, and was doing well. At the time of Stephens' arrest, Stephens' son had been assaulted in jail.

Stephens also addressed the district court and explained that at the time of his arrest, he was going through a hard time regarding his son's incarceration and

assault.  Stephens said that, after his recent 15-month state prison term, he had resolved to better himself so he could help his children and his granddaughter.

The government and the probation officer recommended a 21-month sentence at the bottom of the advisory guidelines range of 21 to 24 months.

The district court found Stephens guilty of the violation and revoked his supervised release.  The district court further found that Stephens had been in possession of a controlled substance.  The district court acknowledged that Stephens was "clearly going through a very difficult time, particularly with [his] family and [his] children."  The district court stated that it had considered Chapter 7 of the Sentencing Guidelines, the parties' arguments, Stephens' sentencing memorandum, and the 28 U.S.C. § 3553(a) sentencing factors.  The district court imposed a 21-month sentence, with no term of supervised release to follow, and recommended Stephens be designated to a facility where drug treatment was available.

Stephens objected that the sentence was substantively unreasonable based on the § 3553(a) factors, in particular Stephens' history and the nature of the offense. The district court overruled Stephens' objection, stating that it had reviewed the § 3553(a) factors, including Stephens' criminal history, his problems while on supervised release, and the fact that he had already served a 15-month term in state prison.  The district court rejected Stephens' claim that he had completed 21

months of supervised release without problems, pointing out that Stephens was also charged with theft and public intoxication during that time. The district court stressed that even though Stephens' probation officer did not seek revocation at that time and enrolled Stephens in drug treatment, Stephens nonetheless was later arrested on the marijuana possession charge.

## II.  DISCUSSION

When a defendant violates a condition of supervised release, the district court may revoke the supervised release term and impose a prison term after considering certain factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3); United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). The relevant § 3553(a) factors the district court must consider are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public from the defendant's further crimes; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the relevant guidelines range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)). The district court does not need to explicitly mention that it considered the § 3553(a) factors, as

7

long as the record shows that it did consider the factors. See United States v.

Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

Ordinarily, we review sentences imposed upon revocation of supervised

release for reasonableness under the deferential abuse of discretion standard.

United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). In reviewing

for reasonableness, we first consider whether the district court committed any

significant procedural error and then whether the sentence is substantively

unreasonable in light of the sentencing factors and the totality of the circumstances.

United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). A significant

procedural error includes calculating the guidelines range incorrectly, failing to

consider the § 3553(a) factors, basing the sentence on clearly erroneous facts,

neglecting to explain the sentence, or treating the guidelines as mandatory rather

than advisory. Id.

The party who challenges the sentence bears the burden to show that the

sentence is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.

2010). The weight given to any specific § 3553(a) factor is committed to the

sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743

(11th Cir. 2007). A district court abuses its discretion when it: (1) fails to consider

relevant factors that were due significant weight; (2) gives an improper or

irrelevant factor significant weight; or (3) commits a clear error of judgment by

balancing the proper factors unreasonably.  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

## A.    Procedural Reasonableness

As to procedural reasonableness, Stephens argues that the district court failed to consider the nature and circumstances of his violation pursuant to § 3553(a).  In particular, Stephens points to the fact that the district court did not refer to the type or quantity of drug involved or any other circumstances surrounding his arrest for possession of marijuana.  During the revocation hearing, Stephens did not object to the district court's sentence on this procedural ground, arguing only that the sentence was substantively unreasonable.  Where a defendant "did not object to the procedural reasonableness at the time of his sentencing, we review for plain error."  Vandergrift, 754 F.3d at 1307.

Here, the district court did not err, much less plainly err.  The record reflects that the district court did consider the § 3553(a) factors, as the district court explicitly stated that it had done so both before and after Stephens objected to his sentence.  Under our precedent, although the district court must adequately explain the chosen sentence, it is not required to address each factor individually on the record.  See United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008); see also 18 U.S.C. § 3553(c).  Notably, the district court was fully aware of the circumstances of Stephens' marijuana possession, as it listened to the prosecutor's

9

recitation of the factual basis for the violation and to defense counsel's argument about the small amount of marijuana possessed before pronouncing the sentence. The fact that the district court did not also discuss the specific circumstances of Stephens' arrest or identify the type and amount of drug Stephens possessed does not render Stephens' revocation sentence procedurally unreasonable.

**B.    Substantive Reasonableness**

As to substantive reasonableness, the district court did not abuse its discretion in weighing the pertinent § 3553(a) factors.  In announcing its sentence, the district court emphasized Stephens' criminal history (which we note qualified as a category VI and included several prior drug convictions), his problems while on supervised release (that is, charges of theft and public intoxication, as well as a failed drug test), his son's assault in prison, and the fact that he was receiving outside drug treatment at the time of his possession-for-marijuana arrest. Moreover, the district court stated that it had considered the arguments of counsel and Stephens' sentencing memorandum, both of which outlined Stephens' family problems and struggles with substance abuse, the assault of his son in prison, and that Stephens had already served 15 months for his state parole revocation.

Although Stephens disagrees with the weight given to each factor, the district court was within its discretion to give more weight to Stephens' criminal history and the fact that Stephens had possessed drugs despite receiving drug

10

treatment and shortly after agreeing to a modification of his supervised release following two other arrests. See Clay, 483 F.3d at 743. Indeed, we note that neither drug treatment nor Stephens' weekend stints in jail pursuant to the modification deterred him from almost immediately thereafter again violating the same supervised release condition—not committing a crime—by possessing marijuana.

To the extent Stephens argues that he was already adequately punished for his marijuana possession by his 15-month state parole revocation sentence, federal revocation sentences are not directed toward "any new criminal conduct" committed by the defendant, but rather are meant to be a sanction for the defendant's breach of trust. See U.S.S.G. Ch. 7, Pt. A., intro. cmt. 3(b) (explaining that "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator").

Stephens argues that the district court failed to avoid an unwarranted sentence disparity, citing statistics showing that African Americans (like Stephens) are arrested for marijuana possession at a higher rate than white people in Chambers County, Alabama. We need not decide whether these statistics may show a disparity between African Americans and white people as to arrests by Alabama law enforcement because they do not show that Stephens' revocation

11

sentence here was the result of an unwarranted disparity.  In particular, Stephens does not point to any evidence in the record that he was sentenced unfairly compared to "defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6); see also United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009) (stating that a sentencing disparity is not "unwarranted" if the individuals being compared are not similarly situated).

In light of the § 3553(a) factors and the record, we cannot say the district court's 21-month revocation sentence, at the bottom of the advisory guidelines range, was outside the range of reasonable sentences.

**AFFIRMED.**